Roger D. FLEENOR, Plaintiff–Appellant,

v.

HEWITT SOAP COMPANY, Bill Hatmaker, Ken Wallet, Ron Hill, Defendants–Appellees.

No. 95–3045.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1996.

Decided April 9, 1996.

Kelvin L. Boddie (argued and briefed), Dayton, OH, for Roger D. Fleenor.

Harold S. Freeman (argued), John M. Kunst, Jr. (briefed), Dinsmore & Shohl, Cincinnati, OH, for Hewitt Soap Co. and Ron Hill.

Jose Manuel Lopez, Weisbrod & Lopez, Troy, OH, for Bill Hatmaker.

Richard Lines Carr, Jr., Dunlevey, Mahan & Furry, Dayton, OH, for Ken Wallet.

Before: MERRITT, Chief Judge,
CONTIE and BOGGS, Circuit Judges.

MERRITT, Chief Judge.

Plaintiff, an employee of Defendant Hewitt Soap Company, appeals the District Court's dismissal of his claim for failure to state a cause of action. Plaintiff, a male, alleged that several male colleagues had taunted him with sexually explicit language and conduct, thereby creating a "hostile working environment." He sought relief under Title VII for discrimination on the basis of sex. The District Court dismissed the claim on the grounds that same-sex sexual harassment claims are not cognizable under Title VII.

We find that plaintiff failed to assert that his employer was responsible for the alleged discrimination as required by Title VII, and we therefore affirm the District Court's decision for this reason. We need not reach the question of whether Title VII prohibits same-sex sexual harassment.

### I. Facts

In April 1994, plaintiff, Roger Fleenor, filed a complaint against defendant Hewitt Soap Company and several other defendants who were employed by Hewitt. The complaint alleged that for a two-week period in August of 1992, he was subjected to "repeated and unwelcome sexual advances and harassment" by two co-workers, defendants Hatmaker and Wallet. He alleged specifically that defendant Hatmaker, inter alia, exposed his genitals to plaintiff, threatened to force plaintiff to engage in oral sex with him, and "stuck a ruler up Plaintiff's buttocks" against plaintiff's will. In September 1992, the company reprimanded Hatmaker for his

behavior. J.A. at 34. The complaint also alleged harassment of a non-sexual nature, including the removal of plaintiff's time-card to prevent him from clocking in and out of work and threats to throw plaintiff over a fence, which created "an intimidating, hostile, and offensive work environment" until December 1993. Plaintiff's appeal is taken from the District Court's order dismissing with prejudice his Title VII claim and remanding to state court his state tort claims. J.A. at 39.

### II. Discussion

In order to prevail on a claim of hostile environment sexual harassment under Title VII, we have said that an employee must allege and prove that:

(1) the employee is a member of a protected class; (2) the employee was subject to unwelcomed sexual harassment ...; (3) the harassment complained of was based on sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive work environment ...; and (5) *the existence of respondeat superior liability.*

*Rabidue v. Osceola Refining, Co.,* 805 F.2d 611, 619–20 (6th Cir.1986) (emphasis added), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987). While it is by no means clear that the plaintiff properly alleged the third and fourth elements of his case, he fails on the last element, and we affirm the District Court's dismissal of his claim on that basis.

The use of the term "respondeat superior" in this area has created a certain amount of confusion that we wish to dispel before proceeding with our analysis. When the Supreme Court first recognized a cause of action for "hostile environment" sexual harassment in *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), it declined to define a precise standard for employer liability under Title VII. Instead, the Court stated simply that "Congress wanted courts to look to agency principles for guidance in this area" and that this "surely evinces an intent to place some limits on the acts of employees

for which employers under Title VII are to be held responsible." *Id.* at 72, 106 S.Ct. at 2408. In *Vinson,* the alleged harassment was inflicted by a supervisor on his subordinate. This court, therefore, has looked to traditional agency principles—such as scope of employment and foreseeability—to determine employer liability under Title VII when a supervisor harasses a subordinate. *Kauffman v. Allied Signal, Inc.,* 970 F.2d 178, 183–84 (6th Cir.), *cert. denied,* 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992).

■ We have defined the standard for sexual harassment by co-workers and supervisors in a similar way. When a plaintiff alleges harassment by co-workers, we have defined the test as whether the employer "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Rabidue,* 805 F.2d at 621. Although we erroneously referred to it as "respondeat superior," we later realized that "the term 'respondeat superior'—which connotes derivative liability—is an incorrect label for co-worker harassment cases, where the employer is directly liable for its own negligence." *Pierce v. Commonwealth Life Insurance Co.,* 40 F.3d 796, 804 n. 11 (6th Cir.1994). This understanding, that the employer is directly not derivatively liable, and the underlying "knew or should have known" standard, are consistent with the law in other circuits. *See, e.g., Hirschfeld v. New Mexico Corrections Dept.,* 916 F.2d 572, 577 & n. 5 (10th Cir.1990); *Hall v. Gus Construction Co., Inc.,* 842 F.2d 1010, 1015–16 (8th Cir.1988); *Hunter v. Allis–Chalmers Corp.,* 797 F.2d 1417, 1421–22 (7th Cir.1986). The standard is also consistent with the common law understanding of an employer's liability for the misconduct of employees.[1] This general standard applies also in supervisor cases, as Judge Boggs' opinion for the Court in *Kauffman,* supra,

makes clear. There the court holds that the employer's liability must be "based on its failure to respond adequately and effectively to the problem *when it had notice of its supervisor's proclivities at an earlier date." Kauffman,* 970 F.2d at 184 (emphasis added). This standard is one of failure-to-correct-after-notice or duty to act after knowledge of harm.

■ In the case before us, the pleading is deficient with respect to defendant Wallet because it does not allege what he did to sexually harass plaintiff. The plaintiff appears to allege that one of his harassers, Mr. Wallet, is a supervisor and that therefore agency principles should apply. Mr. Wallet, however, was not plaintiff's supervisor, but a supervisor elsewhere in the company. Furthermore, regardless of whether we treat Mr. Wallet as a supervisor or a co-worker, the plaintiff's allegations with respect to him are not specific enough to satisfy even the loose requirements of notice pleading. The complaint does not attribute any specific statements or conduct to Mr. Wallet. The plaintiff is capable of stating specific facts where he claims that wrongful conduct actually happened, as he does regarding defendant Hatmaker, but the pleading does not give any hint as to what specific conduct Mr. Wallet engaged in and whether he is responsible as a supervisor or co-worker. Thus, the pleading does not establish employer liability as to Wallet's conduct.

■ As noted, the plaintiff is capable of pleading with the requisite specificity, as he demonstrates with his allegations regarding defendant Hatmaker. Hatmaker is a fellow worker. The standard is whether the company failed to correct after notice or "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Rabidue,*

---

1. The Restatement (Second) Torts § 317 (1965) reads:

A master is under a duty to exercise reasonable care so to control his servant while acting *outside the scope of his employment as to* prevent him from intentionally harming others ..., if the servant is upon the premises in possession of the master ..., and the master knows or has reason to know that he has the

ability to control his servant, and knows or should know of the necessity and opportunity for exercising such control.

*See also* Restatement (Second) of Agency §§ 213 and comment, 219 (1957) (master is not responsible for employee's conduct outside the scope of employment unless master is negligent or reckless).

805 F.2d at 621. *See also Pierce,* 40 F.3d at 804, 29 C.F.R. § 1604.11(d). Here, the sexual conduct at issue occurred during a two-week period in August of 1992. The company reprimanded defendant Hatmaker in September of 1992, and, by plaintiff's own admission, the sexual conduct stopped. Even if the conduct alleged up to that time could support a claim under Title VII, the company's action was sufficient to stop it and to relieve itself of liability. The conduct alleged after that time does not state a set of facts that would establish sex discrimination under Title VII whether the employer knew about it or not. For these reasons, we AFFIRM the District Court's dismissal of the Title VII claim and the remand of the state claims to state court.