**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0111n.06
Filed: February 20, 2008

No. 07-5491

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH P. MALLOY, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN E. POTTER, Postmaster General, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
|     Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, GILMAN, and COOK, Circuit Judges.

    **MERRITT, Circuit Judge.** Plaintiff, Joseph Malloy, appeals the district court's grant of summary judgment in favor of the defendant Postmaster General of the United States Post Office ("Post Office"), on his claims of reverse gender discrimination, age discrimination, retaliation in violation of the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964 and his combined claim of harassment and hostile work environment. Because we agree that the plaintiff has failed to establish a *prima facie* case on any of his claims or otherwise present colorable claims in the face of motions for summary judgment, we affirm the district court's opinion.

    Malloy began working for the Postal Service in Louisville, Kentucky, in 1991 as a part-time carrier, becoming a full-time carrier in 1995. In 1993, Malloy made a claim with both the Office of

Equal Employment and the Office of Workers' Compensation programs. Due to Malloy's repeated absences from work, the Postal Service sought to remove him. Malloy filed an appeal with the Merit Systems Protection Board challenging his removal on the basis that the Postal Service had violated the Family Medical Leave Act (FMLA). The merit systems appeal was settled when the Postal Service and Malloy entered into a Last Chance Agreement, which stated that Malloy would be terminated for any future violations and that he would have to transfer to a different station.

In June 2001, Malloy received two Letters of Warning for failing to follow instructions after using unauthorized overtime. Malloy alleges that he was forced to work overtime in order to complete his route because it was impossible to complete on a normal eight-hour shift and that only men over the age of 50 were disciplined. After receiving the letters, Malloy sought EEO counseling. In April 2002, the Postal Service issued a Notice of Proposed Removal for continued absenteeism and unsatisfactory work performance. On May 15, 2002, the Postal Service terminated Malloy's employment.

To establish a *prima facie* claim of age discrimination under the Age Discrimination in Employment Act of 1967, a plaintiff must show that: (1) he was at least 40 years old at the time of the alleged discrimination, (2) he was subjected to an adverse employment action, (3) he was otherwise qualified for the position, and (4) he was treated differently from employees under age 40. *See Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007). The fourth element may be satisfied "by showing that similarly situated non-protected employees were treated more favorably." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995). The plaintiff's failure to establish the fourth element precludes the necessity of discussing the other elements.

Nothing in the record, save the plaintiff's speculations, supports a finding that employees under 40 were not similarly reprimanded for the unauthorized use of overtime or the failure to complete their routes. Additionally, the plaintiff did not show that there were other employees who were similarly situated in that they were governed by a Last Chance Agreement or had histories of absenteeism.

Even if the plaintiff established a *prima facie* case of age discrimination, he fails to show that the Postal Service's non-discriminatory reasons for disciplining and firing him — absenteeism and poor work performance — were pretexts for discrimination. To establish pretext, a plaintiff must demonstrate "that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). Neither the record nor the plaintiff produces any evidence, beyond mere assertions, that the Postal Service's actions were a pretext for discrimination. Instead, the numerous warnings issued to Malloy, meetings with him about his performance, and a supervisor's inspection of his route, show that the Postal Service's decision to fire him was based on his repeated absences and failure to complete his tasks within an allotted time.

The plaintiff's reverse gender discrimination claim similarly fails because the plaintiff did not establish that members outside of his protected class were treated more favorably. Specifically, Malloy did not point to any female employees who were similarly situated to him in that they were subject to a Last Chance Agreement. Again, the plaintiff's claims are based upon speculations that are not supported by the record. To the extent that women and men and older and younger employees have different routes of varying difficulty, it cannot be attributed to either age or gender

discrimination because the employees bid on those routes based solely on seniority.

The plaintiff also fails to establish a *prima facie* case of retaliation. There was no temporal proximity between the protected activity (two EEO filings and a FMLA claim) and the adverse employment action (Letters of Warning, Last Chance Agreement, and Malloy's termination). Further, the plaintiff fails to provide any evidence that the protected activity and the adverse actions were causally related or that the adverse actions were not legitimate responses to the plaintiff's poor work performance and absenteeism. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792-93 (6th Cir. 2000) (stating that there must be a causal connection between the protected activity and the adverse employment action and that a plaintiff must show that the employer's proffered reason for the retaliatory act was not the actual reason for the employment decision).

Malloy's hostile work environment/harassment claim under the Age Discrimination in Employment Act and under Title VII of the Civil Rights Act is also without merit. *See Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834-35 (6th Cir. 1996) (discussing a hostile work environment claim in regards to age discrimination); *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 49 (6th Cir. 1996) (discussing a hostile work environment claim in regards to sex discrimination). The plaintiff alleges that his supervisors made repeated comments about Malloy's age and gender that eventually led to the warnings and his termination. The record, however, suggests that the warnings and subsequent termination resulted solely from Malloy's continued absences and poor work performance. He has not shown that either of these reasons were pretexts for discrimination. Even assuming that the management made comments about his age or gave him contradictory work orders, these instances

fail to meet the minimum threshold for an objectively hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22-23 (1993) (listing factors that courts should consider in determining whether there is a hostile work environment); *Williams v. General Motors Corp.*, 187 F.3d 553, 568 (6th Cir. 1999) (finding that a plaintiff must show that the work environment is both objectively and subjectively hostile).

For the foregoing reasons, we AFFIRM the judgment of the district court.