**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0114n.06
Filed: February 11, 2009

**No. 07-4398**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| SALLY K. HARRIS, Plaintiff-Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ON APPEAL FROM THE UNITED |
| GEORGE A. SODDERS, in his Individual Capacity; ) | STATES DISTRICT COURT FOR |
| AUDITOR OF CLARK COUNTY, Defendant- ) | THE SOUTHERN DISTRICT OF |
| Appellee. ) | OHIO |
| ) | |
| ) | |
| ) | |

Before: RYAN, SILER, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Sally K. Harris put four claims before the district court: (1) termination in retaliation for the exercise of free speech, (2) sexual harassment, (3) wrongful discharge in violation of public policy, and (4) gender discrimination. The district court ultimately granted summary judgment in favor of the defendant on all counts. Harris appeals the judgment of the district court with respect to her sexual harassment claim and First Amendment retaliation claim. For the following reasons, we affirm.

**BACKGROUND**

In 2000, Defendant George A. Sodders, the elected Auditor of Clark County, hired Harris to work as data entry clerk. Harris was later promoted to fill an open position in the Appraisal Department. In August 2002, Sodders transferred Harris from the Appraisal Department to the Real

Estate and Personal Property Tax Department (Real Estate Department). Harris alleges that she was subject to sexual harassment by her co-worker, Gary Evilsizor, from January 2001 until her transfer to the Real Estate Department.

Plaintiff remained employed in the Real Estate Department until she was discharged in December 2002. She was later reinstated by the State Personnel Board of Review (SPBR) on procedural grounds. She resigned in October 2003.

In the summer of 2002, *Springfield News & Sun* reporter Anthony Gottschlich began investigating certain matters relative to the Clark County Auditor's Office. As a result of the investigation, Gottschlich published three articles criticizing the Auditor's Office for its evaluation of properties. In the course of his investigation, Gottschlich spoke with many employees of the Auditor's Office. However, neither Harris nor any other employee was quoted as a source for the articles.

In response to the newspaper articles alleging inappropriate property valuations, Sodders collected information regarding the valuations, including possible unlawful conduct by Harris, and sent it to the County Prosecutor. Harris contends that she was initially discharged in 2002 in retaliation for discussing these matters with Gottschlich. She also alleges that Sodders offered her job to another person while she was on leave. She contends that these facts indicate that her working conditions were intolerable and, therefore, she was constructively discharged.

## STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006).

No. 07-4398

**ANALYSIS**

A. Sexual Harassment

In order to successfully bring a claim for sexual harassment based upon the creation of a hostile work environment, an employee must establish five elements: (1) the employee is a member of a protected class, (2) the employee was subject to unwelcome sexual harassment, (3) the harassment complained of was based on sex, (4) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive work environment, and (5) the existence of respondeat superior liability. *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 49 (6th Cir. 1996).

If the alleged sexual harassment was committed by a supervisor, an employer is liable if a tangible employment action is taken against the employee. If no tangible employment action was taken against the employee, the employer has an affirmative defense available to avoid liability. *Faragher v. City of Boca Raton*, 524 U.S. 775, 780, 807 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 758-59 (1998). However, if the sexual harassment was committed, not by a supervisor, but by a co-worker, "an employer is liable if it knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Clark v. United Parcel Service, Inc.*, 400 F.3d 341, 348 (6th Cir. 2005).

According to Harris's own deposition testimony, Evilsizor was not Harris's supervisor. Therefore, Harris must present evidence raising an issue as to whether Sodders failed to take "prompt and appropriate" action in responding to the allegations of sexual harassment.

In order to satisfy the respondeat superior element of her claim, Harris must present evidence that the employer's response "manifested indifference or unreasonableness." *Jackson v. Quanex Corp.*, 191 F.3d 647, 663 (6th Cir. 1999). She failed to meet this burden.

Harris conceded during her deposition that Evilsizor's harassment ended when she was transferred to the Real Estate Department, before Harris ever made a complaint about the harassing activity. Upon learning of the allegations, Sodders conducted an investigation of the charges by speaking with Evilsizor and others. Because Sodders was unable to substantiate the charges and because Harris and Evilsizor no longer worked together, Sodders did not take any additional action. Even though Sodders was unaware of the alleged harassment, his decision to transfer Harris had the inadvertent effect of stopping the harassment. Since Sodders determined that the allegations were not substantiated after an investigation, there was no further action to be taken. Harris and Mr. Evilsizor no longer worked together and the harassment ceased.

Under these circumstances Sodders's actions were appropriate and the district court's dismissal of Harris's sexual harassment claim is affirmed.


B. Retaliation & Constructive Discharge

The district court granted summary judgment rejecting Harris's First Amendment retaliation claim because Harris failed to establish a prima facie case with respect to whether she suffered an adverse employment action.

In order to establish a First Amendment retaliation claim, Harris must prove that: "(1) [she] engaged in protected conduct; (2) an adverse action was taken against [her] that would deter a person

of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005). The district court rejected Harris's retaliation claim based on an analysis of the second prong.

A constructive discharge is an "adverse action" for purposes of the second prong of a prima facie First Amendment retaliation case. In order to show that she suffered a constructive discharge, Harris must demonstrate both that Sodders "deliberately created intolerable working conditions, as perceived by a reasonable person" and that he did so "with the intention of forcing [her] to quit." *Logan v. Denny's, Inc.*, 259 F.3d 558, 568-69 (6th Cir. 2001).

Harris argues that her working conditions were intolerable primarily because of the "attempted felony indictment," in the form of a memorandum that Sodders sent to the County Prosecutor, which set forth allegations concerning three incidents where Harris allegedly mis-valued real estate. Harris claims that the memorandum's supporting documentation was "riddled with doctored entries and false attributions" and that the memorandum was delivered to Gottschlich with the *Springfield News & Sun*. She also points to a newspaper article, published in 2006, that speaks of an unnamed former employee improperly valuing property.

Harris's allegations do not raise a genuine issue of material fact as to whether she was constructively discharged. First, Sodders did not have the authority to decide if Harris would be prosecuted. Only the County Prosecutor could decide whether to bring charges against Harris. Second, Sodders could not terminate Harris's employment without the procedural safeguards provided to her as a civil service employee, which she must have been aware of, as she availed

herself of this process in the past resulting in her reinstatement by the SPBR. Furthermore, if the County Prosecutor decided to bring charges against Harris, the subsequent judicial process would adequately address Harris's contention that the memorandum was supported by false or doctored information.

Finally, Harris's allegation that a newspaper article contributed to her intolerable working conditions is without merit. The publication of a newspaper article in 2006 cannot be relevant as to whether Harris's working conditions were intolerable when she resigned in 2003.

Therefore, the facts alleged by Harris do not create a genuine issue of material fact as to whether Sodders deliberately created intolerable working conditions, as perceived by a reasonable employee, or whether he did so with the intent of forcing Harris to resign.

AFFIRMED.